John Spencer Stewart, OSB #711648
jstewart@lawssl.com
Tyler J. Storti, OSB #034695
tstorti@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706
*Attorneys for Defendant Moore Excavation Inc., d.b.a. MEI Group*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DEAN WESSELS,<br><br>Plaintiff,<br><br>vs.<br><br>MOORE EXCAVATION INC., d.b.a. MEI GROUP,<br><br>Defendant. | Case No. 3:14-cv-01329-HZ<br><br>**DEFENDANT MOORE EXCAVATION, INC.'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO MAKE MORE DEFINITE AND CERTAIN**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(6), (e)<br><br>REQUEST FOR ORAL ARGUMENT |

## <u>LR 7.1 CERTIFICATION</u>

The attorneys for Defendant Moore Excavation Inc. ("MEI") certify that they conferred in good faith with opposing counsel and were unable to resolve the issues presented in this Motion.

## <u>MOTIONS</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), MEI moves the Court for an order dismissing with prejudice the claims asserted in Plaintiff's Complaint (Doc. 1), because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

In the alternative, MEI moves the Court for an order under Fed. R. Civ. P. 12(e) requiring Plaintiff to amend his Complaint to provide a more definite statement of the

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

allegations Plaintiff contends provide any basis for relief against MEI.  Without such amendments, the specifics of which are set forth in the below Memorandum supporting this Motion, Plaintiff's Complaint is too vague, ambiguous and indefinite to allow MEI to ascertain the nature of the claims against it and to file a responsive pleading.

These Motions are supported by the Memorandum below, and the pleadings and file herein.

## STANDARDS

### A. Motion To Dismiss Standard

Fed. R. Civ. P. 12(b)(6) requires dismissal where a complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must contain "*factual allegations*" sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (emphasis added).  "The pleading must contain something more… than… a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (citation omitted).  Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Importantly, "[c]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  Associated Gen. Contractors of Am. v. Metro. Water Dist. of So. Cal., 159 F.3d 1178, 1181 (9th Cir. 1998); see also Hogan v. NW Trust Services, Inc., No. 10-6028-HO, 2010 U.S. Dist. LEXIS 45597, at *12 (D. Or. May 7, 2010) ("court is 'free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.'") (citations omitted).

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 2

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S  A T  L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

"*A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . .  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement*." <u>Iqbal</u>, 129 S. Ct. at 1949 (citations and internal quotations omitted, emphasis added).

## B. <u>Motion for More Definite Statement Standard</u>

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  While this motion must be considered in the light of the liberal pleading standards of Rule 8(a), relief may be granted where "the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and 'literally cannot frame a responsive pleading.'" <u>Hubbs v. County of San Bernardino</u>, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2007)(citation omitted), adopted by, 538 F. Supp. 2d 1254, 1259 (C.D. Cal. 2008).

## <u>MEMORANDUM</u>

## A. The Court Should Dismiss Plaintiff's Claims For Relief, Because They Fail to State a Claim of Disability Discrimination Upon Which Relief Can Be Granted.

Plaintiff's Complaint alleges two claims for relief, one for unlawful employment practices on the basis of disability under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"), and the second for the state law equivalent under ORS Chapter 659A.  "The standard for establishing a *prima facie* case of discrimination under Oregon law is identical to that used in federal law," so this Motion addresses both federal and state claims together.  <u>Snead v. Metro. Prop. & Cas. Ins. Co.</u>, 237 F.3d 1080, 1087 (9th Cir. 2001).

In order to establish a *prima facie* case of disability discrimination, "a plaintiff must show that he: (1) is disabled or perceived as such; (2) is a qualified individual, meaning he is capable of performing the essential functions of the job; and (3) suffered

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 3

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

an adverse employment action because of his disability."  Shepard v. City of Portland, 829 F. Supp.2d 940, 963 (D. Or. 2011); see also Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999); 42 U.S.C. §§ 12111-12112.  Plaintiff's Complaint fails to allege facts to support any of these three elements, and instead offers merely conclusions, "a formulaic recitation of the elements" and "naked assertions devoid of further factual enhancement."  Iqbal, 129 S. Ct. at 1949

Under the first element, the ADA regulations define "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," as someone with a "record of such an impairment," or who is "regarded as having such an impairment."  29 CFR § 1630.2(g).  The regulations include "standing" and "walking" as "major life activities."  29 CFR § 1630.2(i).  Though the Complaint (at ¶¶ 13, 14 and 21) alleges in a conclusory manner that Plaintiff has an unspecified "disability" and recites the above-referenced definition that it "substantially limits him in one or more major life activities including, but not limited to, walking and standing," it provides no factual allegations to in any manner explain what the alleged disability is, how or when it originated, or any other facts.  The Complaint vaguely asserts that Plaintiff "suffers from a serious medical condition," (Complaint at ¶ 13) but does not in any way identify anything about that alleged "condition."  MEI is left guessing what type of "disability" Plaintiff claims he has.  Such guesswork is what the pleading rules of Fed. R. Civ. P. 8, as interpreted in the Iqbal and Twombly cases are designed to avoid.  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . .  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Iqbal, 129 S. Ct. at 1949 (citations and internal quotations omitted).

Likewise, Plaintiff's allegations (in the alternative) that he was "perceived as disabled" or "had a record of a disability" completely lack any factual support and merely

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 4

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

recite in a conclusory fashion the language of the ADA.  Complaint at ¶¶ 1, 23.  Plaintiff offers no facts as to what "record" exists of his alleged disability, and does not even allege that Defendant MEI knew about or was aware of the unspecified disability such as to be able to "perceive" Plaintiff as being disabled.  These alternative allegations also fail to state a plausible claim for relief.

The second element requires Plaintiff to allege facts that establish that he is a "qualified individual," which is defined to mean that he "satisfies the requisite skill, experience, education and other job-related requirements of the employment position . . . and, with or without reasonable accommodation, can perform the essential functions of such position."  29 CFR § 1630.02(m) and (n).  Again, Plaintiff's Complaint (at ¶ 22) merely recites in a conclusory fashion the regulatory definition, but provides no factual support or enhancement.  As such, the Complaint fails to adequately allege this second element and fails to state a claim.

Finally, Plaintiff fails to adequately allege the third element, which requires him to put forth facts establishing that he suffered an adverse employment action because of his disability.  The Complaint baldly asserts several conclusions straight from the ADA statute and regulations, but alleges no facts about what conduct Plaintiff actually claims constituted the alleged discrimination.  In paragraphs 25 and 26, Plaintiff alleges that "Defendant failed and refused to accommodate [his] disability" and "failed and refused to engage in an interactive process to determine whether Defendant could accommodate [his] disability."  Complaint at ¶¶ 25, 26.  In addition to not alleging any facts to support these conclusory assertions, Plaintiff's Complaint omits a crucial element.  In order for an employer to be found liable for unlawfully failing to make a reasonable accommodation, the employer must know of the alleged disability.  See 42 U.S.C. § 12112(b)(5) (discrimination includes "not making reasonable accommodations to the _**known**_ physical or mental limitations of an otherwise qualified individual with a

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 5

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

disability . . . .") (emphasis added); 29 CFR § 1630.9 ("It is unlawful for a covered entity not to make a reasonable accommodation to the **_known_** physical or mental limitations . . . .") (emphasis added).  Plaintiff does not allege that MEI had any knowledge of Plaintiff's alleged (though unspecified) "disability."  Similarly, in order to establish a violation for failing to provide a reasonable accommodation (and absent allegations of the employer's knowledge of the need therefor), Plaintiff must request an accommodation.  See, e.g., Shepard, 829 F. Supp.2d at 963; Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1188 (9th Cir. 2001) (exception to "general rule that employee must make an initial request applies . . . only when the employer '(1) knows that the employee has a disability, (2) knows, or has reason to know, that the employee is experiencing workplace problems because of the disability, and (3) knows, or has reason to know, that the disability prevents the employee from requesting a reasonable accommodation." (quoting Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1112 (9th Cir. 2000)). Plaintiff's Complaint fails to allege that Plaintiff requested any accommodation, does not allege any facts that reflect Defendant MEI had any knowledge of the unspecified, alleged disability or any need for reasonable accommodation and, therefore, fails to state a valid claim for relief.

Moreover, paragraph 27 of the Complaint contains the conclusory allegation that MEI treated Plaintiff "in a disparate, discriminatory and harassing manner because of his actual disability," but offers no facts as to even the general form that such treatment allegedly took.  Such labels and conclusions, devoid of factual enhancement, do not pass muster under Fed. R. Civ. P. 12(b)(6).  See Iqbal, 129 S. Ct. at 1949.

Plaintiff's Complaint does not allege well-pleaded facts to support the bare legal conclusions offered as to any of the required elements of Plaintiff's claims and, as such, fails to state a valid and plausible claim upon which relief can be granted.  The Court should dismiss Plaintiff's Complaint.

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 6

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

**B. In the Alternative The Court Should Order Plaintiff To Amend His Complaint To Provide A More Definite Statement of the Factual Allegations Supporting His Alleged Claims**.

If the Court is inclined not to dismiss Plaintiff's Complaint for failure to state a claim, then (pursuant to Fed. R. Civ. P. 12(e) and in the alternative) the Court should at least order Plaintiff to make more definite and certain the vague and conclusory allegations in the Complaint, and to add well-pleaded factual allegations to support the currently-alleged unsupported legal conclusions. Specifically, the Court should order Plaintiff to amend the Complaint to remedy the above-described pleading defects as follows:

1. Allege facts as to the existence, cause and nature of the specific "disability" and "serious medical condition" from which Plaintiff allegedly suffers;

2. Allege facts as to what "record" exists of Plaintiff's alleged disability;

3. Allege facts as to if and, if so, how and when Defendant MEI allegedly had any knowledge or awareness of Plaintiff's alleged disability or alleged need for reasonable accommodation, including what accommodations (if any) Plaintiff allegedly requested (and when and of whom they were requested);

4. Add factual allegations to support the alleged conclusion that Plaintiff "was able to perform the essential functions of his job position either with or without reasonable accommodation"; and

5. Put forth factual allegations to support the labels and conclusions as to what form of "disparate, discriminatory and harassing" treatment to which Plaintiff was allegedly subjected.

Additionally, the Court should either strike (under Fed. R. Civ. P. 12(f)) or order Plaintiff to make more definite and certain the insufficient, impertinent and potentially scandalous allegations that are completely devoid of any factual support in paragraphs 1 and 31 of the Complaint. In paragraph 31, Plaintiff baldly alleges that "Defendant's

STEWART SOKOL & LARKIN LLC
A T T O R N E Y S   A T   L A W
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

acts were part of a pattern and practice of discrimination against individuals with disabilities." Paragraph 1 similarly refers to seeking to "vindicate the rights of [Plaintiff] and other qualified individuals." Nowhere does Plaintiff's Complaint allege any facts to support any such allegations about any "pattern" or "practice", nor does it in any way identify any other "individuals." Such unfounded and reckless allegations are insufficient and have no place in this pleading. On one hand, Plaintiff's Complaint (including the prayer) only purports to seek relief on his own behalf and, assuming that is the case, then any allegations about other "individuals" are irrelevant. On the other hand, if Plaintiff intends to try to seek relief occasioned by alleged actions involving other individuals, Plaintiff must allege facts to establish, first, that he is the real party in interest with standing to pursue such claims and, second, identify such individuals and provide well-pleaded factual allegations to support any such claims. As currently plead, the referenced allegations are insufficient, impertinent and scandalous and should be stricken.

Finally, on a related note, Mr. Wessels' Complaint makes at least two references to an unidentified "her," without any explanation as to which female is being referenced or why she is relevant to this action. Complaint at ¶¶ 10, 32. If these allegations are other than typographical errors and intend to reference anyone other than Mr. Wessels, Plaintiff should be required to make such allegations more definite and certain.

## CONCLUSION

Based on the foregoing, the Court should dismiss with prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In the alternative, the Court should order Plaintiff to amend to make the above-described allegations more definite and certain, and should strike the allegations in paragraphs 1, 31, 10 and 32 that irrelevantly and confusingly refer to other individuals.

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 8

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

DATED this 30th day of September, 2014.

STEWART SOKOL & LARKIN LLC

By: *s/Tyler J. Storti*
    John Spencer Stewart, OSB #711648
    jstewart@lawssl.com
    Tyler J. Storti, OSB #034695
    tstorti@lawssl.com
    *Attorneys for Defendant Moore*
    *Excavation Inc., d.b.a. MEI Group*

m:\wdocs\ssgmain\1040\1040.022\plead\01100862.docx

DEFENDANT MOORE EXCAVATION, INC.'S MOTION
TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE,
TO MAKE MORE DEFINITE AND CERTAIN - 9

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT MOORE EXCAVATION, INC.'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO MAKE MORE DEFINITE AND CERTAIN** on:

Kerry Smith
Smith & Fjelstad
722 N. Main Ave.
Gresham, OR  97030
E-mail: kerrymls@frontier.com
Phone: (503) 669-2242

by the following indicated method or methods:

  ☑      by **E-filing** a full, true and correct copy thereof to the attorney, as shown above, at the electronic mail address reflected on the court's CM/ECF system, on the date set forth below.

  ____     by **mailing** a full, true and correct copy thereof in a sealed, first-class postage-paid envelope, and addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

  ____     by **e-mailing** a full, true and correct copy thereof to the party as shown above, at the last known electronic mail address reflected above, on the date set forth below.

DATED this 30th day of September, 2014.

STEWART SOKOL & LARKIN LLC

By: *s/Tyler J. Storti*
John Spencer Stewart, OSB #711648
jstewart@lawssl.com
Tyler J. Storti, OSB #034695
tstorti@lawssl.com
*Attorneys for Defendant Moore Excavation Inc., d.b.a. MEI Group*

CERTIFICATE OF SERVICE - 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706