KERRY M. L. SMITH, OSB# 88103
SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon  97030
Telephone: (503)669-2242
Facsimile: (503)669-2249
kerrymls@frontier.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DEAN WESSELS,<br><br>            Plaintiff,<br><br>    v.<br><br>MOORE EXCAVATION INC., d.b.a. MEI GROUP,<br><br>            Defendant. | Civ. No.  3:14-cv-01329-HZ<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN<br><br>Oral Argument Requested |

## INTRODUCTION

A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  A claim survives a motion to dismiss if the "non-conclusory factual content, and reasonable inference from that content [is] . . .

PAGE 1 - PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). If the claim as alleged provides "sufficient facts to be plausible," then a motion to dismiss "is not only futile, but a sanctionable dilatory tactic." *Gessele v. Jack in the Box, Inc.*, 2011 U.S. Dist. LEXIS 99419, *5 (D. Or. 2011).

In this case, the Complaint states facts which far exceed the "plausibly suggestive of a claim" standard. Indeed, most of the facts which defendant claims are "missing" are stated in plain English and obvious through even a cursory reading of the Complaint. Consequently, defendant's motion "is not only futile, but a sanctionable dilatory tactic." *Id*.

## ARGUMENT

### A.     There is No Merit to the Motion to Dismiss.

### 1.     Mr. Wessels Properly Alleges His Disability Discrimination Claim.

A terminated former employee establishes a *prima facie* case of discrimination under the ADA by demonstrating that he was (1) disabled; (2) qualified to perform the essential functions of the job either with or without accommodation; and (3) discriminated against because of his disability. *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 989 (9th Cir. 2007) *citing, Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). Mr. Wessels' present Complaint alleges facts plausibly suggestive (if not directly stating) each element of his claim.

### a.     Mr. Wessels has adequately alleged his disability.

### I.     Mr. Wessels has alleged he is actually disabled.

A "disability" is a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment or being regarded as having such an impairment. 42 U.S.C. § 12102(1). Mr. Wessels has alleged a "serious medical condition" (thus

PAGE 2 - PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

eliminating a mental impairment) that "substantially limits him in one or more major life activities including, but not limited to, walking and standing." Complaint, ¶13. This factual allegation satisfies the requirement to, at a minimum, plausibly suggest Mr. Wessels' claim.

Defendant complains that Mr. Wessels has not alleged the name of the disability, how the disability originated, when the disability originated "or any other facts." Def. Mem. p. 4. Defendant has not, however, identified any source of an alleged requirement that Mr. Wessels provide this information. For example, if a medical condition substantially limits an individuals ability to walk, the reason for the disability (MS, car accident, amputated leg, etc.) simply is not necessary to state a claim for relief. Similarly the cause of the disability and the date the disability originated are not necessary or required allegations. To the extent this information is discoverable, all defendant needs to do is participate in the discovery process.

### ii.     Mr. Wessels adequately alleged a record of a disability.

Defendant complains that there is no allegation as to what record exists of Mr. Wessels' disability. Def. Mem. p. 4-5. The reality is, however, that Mr. Wessels alleges a medical record of treatment for his disability. Complaint, ¶15, 16, 17. Mr. Wessels is not required to identify specific treatment, dates of treatment and/or medical providers in his Complaint. These are matters for discovery.

### iii.    Mr. Wessels adequately alleges a perceived disability.

Defendant complains that Mr. Wessels fails to "allege that Defendant MEI knew about or was aware of the unspecified disability as to be able to 'perceive' Plaintiff as being disabled." Def. Mem. p. 5. The reality is, however, that Mr. Wessels alleges that he "periodically requested time off work to obtain treatment for his disability. . . Mr. Wessels communicated his need for

**SMITH & FJELSTAD**
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

leave and the reason for his need for leave to defendant." Complaint, ¶15. Further, the complaint alleges that Mr. Wessels needed time off "to attend a medical appointment for his disability. Mr. Wessels arranged with defendant to arrive at work late following his medical treatment." Complaint, ¶17. This allegations clearly contradict defendant's representation that Mr. Wessels fails to allege that defendant was aware of the disability.

 **b.**  **Mr. Wessels properly alleges he is a qualified individual.**

 Mr. Wessels specifically alleges the ability to perform the essential functions of his job either with or without accommodation. Complaint, ¶22. This is a factual allegation. Whether Mr. Wessels could perform the essential functions of his job either with or without accommodation is specifically one of the issues a jury will be asked to resolve. Mr. Wessels has alleged that, factually, he could do so. The precise nature of the essential job functions, the way in which Mr. Wessels could perform those essential job functions and what accommodations, if any, would have allowed him to perform those job functions, are all evidence and the subject of discovery. Defendant's argument lacks merit.

 **c.**  **Mr. Wessels adequately alleges the discriminatory treatment.**

 Mr. Wessels alleges that, following each treatment for his disability, defendant transferred him to a new job site or work crew. Complaint, ¶16. He also alleges that he was terminated following treatment. Complaint, ¶17-19, 24. Mr. Wessels has alleged the discriminatory treatment. Defendant's argument to the contrary has no merit and was designed to either waste time or create work for opposing counsel and the court.

/////

/////

**2. Mr. Wessels Properly Alleges A Failure to Accommodate Claim.**

Defendant contends that Mr. Wessels "does not allege that MEI had any knowledge of Plaintiff's alleged (though unspecified) 'disability.'" Def. Mem. p. 6. This argument indicates that defendant failed to read paragraphs 15 and 17 of the Complaint. Defendant's argument is frivolous.

**3. Mr. Wessels Properly Alleges A Request For Accommodation.**

A request for accommodation need not be in writing and need not formally invoke the words "reasonable accommodation." *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) *vacated on other grounds*, 535 U.S. 391 (2001); *Taylor v. Phoenixville School Dist.*, 184 F.3d 296 (3rd Cir. 1999). All that is necessary is that the employer know of the disability and the employee's desire for accommodation. *Taylor*, 184 F.3d at 313. It is not even necessary that the employer know the precise name of the disability at issue. *Id*. at 314. The Complaint alleges that defendant knew of the disability and Mr. Wessels desire to obtain treatment for his disability while continuing to work. Complaint, ¶15-19. Once again, defendant's argument has no merit and is frivolous.

Similarly, allowing time off either with or without pay is a form of accommodation. 42 U.S.C. § 12111(9)(B); *Criado v. IBM Corp.*, 145 F.3d 437, 443 (9th Cir. 1998); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 878-79 (9th Cir. 1989). Mr. Wessels alleges that he requested time off to obtain medical treatment. Complaint, ¶15, 17. Mr. Wessels alleges he requested accommodation and defendant was aware of the request. There is no flaw in Mr. Wessels' Complaint.

/////

PAGE 5 - PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**B.    There is No Merit to the Motion to Make More Definite and Certain.**

As noted above, Mr. Wessels' Complaint alleges adequate facts to allege his claims and the court should deny the Motion to Make More Definite and Certain.  Mr. Wessels responds to defendant's argument in summary fashion.

1.    Mr. Wessels is not required to allege the cause and nature of the specific disability and/or serious medical condition.  He has alleged sufficient facts to plausibly demonstrate he is disabled within the ADA.  Complaint, ¶ 13.  Nothing further is required.

2.    Mr. Wessels has alleged he received medical treatment for his disability. Complaint, ¶15, 17.  Nothing further is required.

3.    Mr. Wessels has alleged that defendant was aware of his medical condition and his need for time off for medical treatment.  Complaint, ¶15, 17.  Nothing further is required.

4.    Mr. Wessels has alleged that he was able to perform the essential functions of his job either with or without accommodation.  Complaint, ¶23.  A jury will determine the essential functions of the position and whether Mr. Wessels could perform those essential functions.  For now, Mr. Wessels has alleged that he could perform the essential functions.  Nothing further is required.

5.    The discriminatory treatment (reassignment and termination) are adequately alleged.  Complaint, ¶16, 19.  Nothing further is required.

This motion is frivolous and, as Judge Stewart noted, a "sanctionable dilatory tactic."

*Gessele*, 2011 U.S. Dist LEXIS 99419, *5.

**SMITH & FJELSTAD**
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

### C.     Mr. Wessels Alleges A Pattern and Practice of Discrimination.

Mr. Wessels alleges that "following each treatment [for his disability he] was moved to a new job site and/or work crew."  Complaint, ¶16.  Through repeatedly subjecting Mr. Wessels to the discriminatory treatment of reassignment, defendant engaged in a pattern and practice of discriminatory and retaliatory conduct.  The motion to strike the pattern and practice allegation has no merit.

### D.     The References to "Her" In the Complaint.

Initially, this issue was not addressed during any attempted conferral regarding the content of the Complaint.  Defendant's representation that conferral addressed this issue is simply not true.

Beyond the falsity of counsel's certification, the references to "her" are clearly typographical errors.  A little professionalism, perhaps a letter or an email, would have clarified this issue without wasting judicial and counsel time and resources.  If the court grants any portion of defendant's motion which requires Mr. Wessels to amend his Complaint, then Mr. Wessels will also correct this issue.  Otherwise, the court should not require an amendment to correct an obvious typographical error.[1]

/////

/////

/////

/////

---

[1]Most likely, conferral on this issue would have prevented the need to raise this issue. After all, counsel easily could have agreed this was a typographical mistake that plaintiff would correct if the court granted any portion of the present motion.

**SMITH & FJELSTAD**
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249

**CONCLUSION**

Defendant's motion brings to life the concerns Judge Stewart referenced in *Gessele*. The Complaint provides fair notice of the claims by alleging "sufficient facts to be plausible." *Id.* at *5. Defendant's motion is not only futile, but sanctionable as a dilatory tactic. *Id.* The court should deny the motion in its entirety.

Dated: October 16, 2014.

KERRY M. L. SMITH
By: /s/ Kerry M. L. Smith
Kerry M. L. Smith
OSB NO. 881033
Of Attorneys for Plaintiff

**SMITH & FJELSTAD**
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242 \ Facsimile: (503) 669-2249