IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEAN WESSELS,

        Plaintiff,

    v.

MOORE EXCAVATION, INC., dba
MEI Group,

        Defendant.

No. 03:14-cv-01329-HZ

OPINION & ORDER

Kerry M.L. Smith
SMITH & FJELSTAD
722 N. Main Avenue
Gresham, Oregon 97030

    Attorney for Plaintiff

John Spencer Stewart
Tyler J. Storti
STEWART SOKOL & LARKIN LLC
2300 S.W. First Avenue, Suite 200
Portland, Oregon 97201-5047

    Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Dean Wessels brings this disability discrimination action against his former employer Defendant Moore Excavation, Inc. Plaintiff brings claims under the Americans with Disabilities Act, 42 U.S.C.. §§ 12101-12213 (ADA), and Oregon's parallel law, Oregon Revised Statute §§ (O.R.S.) 659A.103-659A.145. Defendant moves to dismiss for failure to state a claim, or alternatively for a more definite statement. Because the Complaint adequately states the claims, the motion is denied.

BACKGROUND

The facts are taken from the Complaint. Plaintiff worked for Defendant as an employee and always performed his job duties in a satisfactory manner. Compl. at ¶¶ 11, 12. He asserts entitlement to protection under the ADA and Oregon statutes. Id. at ¶ 11. He further asserts that Defendant was subject to those statutes. Id. at ¶ 12.

Plaintiff began his employment with Defendant on or about May 3, 2013. Id. at ¶ 13. He suffers from a serious medical condition which substantially limits him in one or more major life activities including, but not limited to, walking and standing. Id.

Over Memorial Day weekend in 2013, Plaintiff suffered a significant injury to his leg which worsened the effects of his disability. Id. at ¶ 14. After the 2013 Memorial Day weekend, Plaintiff periodically requested time off work to obtain treatment for his disability. Id. at ¶ 15. He communicated his need for leave and the reason for his need for leave to Defendant. Id. Following each treatment, he returned to work but was moved to a new job site and/or work crew. Id. at ¶ 16.

On or about October 21, 2013, Plaintiff needed time off to attend a medical appointment

for his disability.  Id. at ¶ 17.  He arranged with Defendant to arrive at work late following his medical treatment.  Id.  He attended his appointment and arrived at work at or near the time he had previously told Defendant he would arrive.  Id. at ¶ 18.  Upon arrival, he was told to report to management which then terminated him.  Id. at ¶ 19.

Plaintiff further alleges that at all material times, he was a qualified individual with a disability pursuant to the ADA, that his disability substantially limits one or more of his major life activities, and that he was able to perform the essential functions of his job position either with or without accommodation.  Id. at ¶¶ 21, 22.  Alternatively, he alleges that he had a record of a disability or was perceived as disabled and could perform the essential functions of his position either with or without accommodation.  Id. at ¶ 23.

Plaintiff asserts that Defendant discriminated against him and terminated his employment due to his disability and/or his need to miss work for treatment.  Id. at ¶ 24.[1]  Further, Plaintiff asserts that Defendant failed and refused to accommodate his disability and failed and refused to engage in the interactive process to determine whether Defendant could accommodate his disability.  Id. at ¶¶ 25, 26.

Plaintiff additionally alleges that Defendant treated him in a "disparate, discriminatory and harassing manner because of his actual disability, his record of disability, and/or his perceived disability."  Id. at ¶ 27.  These actions allegedly constitute unlawful employment practices under the ADA causing Plaintiff to suffer lost wages and benefits of employment, as well as other economic damages in an amount to be determined at trial.  Id. at ¶¶ 28, 29.  Plaintiff

---

[1] Paragraph 24 is one of a few paragraphs in the Complaint containing what appear to be inadvertent references to Plaintiff as "her" instead of "him."  The Court assumes these are typographical errors and reads them as "him."

3 - OPINION & ORDER

further asserts that Defendant's acts were "part of a pattern and practice of discrimination against individuals with disabilities" and requests the Court enter a permanent injunction prohibiting such conduct in the future. Id. at ¶ 31. Finally, he incorporates by reference his previous allegations in support of his Oregon disability discrimination claim, contending that Defendant's actions violated Oregon disability discrimination law. Id. at ¶¶ 33-36.

## STANDARDS

I. Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks, citation, and alterations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

4 - OPINION & ORDER

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

II. Motion for a More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Id.

A motion for a more definite statement is generally left to the district court's discretion. Sheffield v. Orius Corp., 211 F.R.D. 411, 414 (D. Or. 2002). Rule 12(e) is designed to strike at unintelligibility rather than want of detail. Maixner v. Bank of Am. Home Loans, No. CV-10-3037-CL, 2010 WL 5918860, at *3 (D. Or. Nov. 18, 2010) (citing Bautista v. L.A. Cnty., 216 F.3d 837, 843 n.1 (9th Cir. 2000)), adopted by J. Panner (D. Or. Mar. 3, 2011). "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." Holdner v. Coba, No. CV-09-979-AC, 2010 WL 678112, at *1 (D. Or. Feb. 25, 2010) (internal quotation marks omitted). Where the detail sought is available through discovery, the motion should be

denied. Feldman v. CIA, 797 F. Supp. 2d 29, 42 (D.D.C. 2011) ("Courts are reluctant to compel a more definite statement pursuant to Rule 12(e)[;] to prevent Rule 12(e) from becoming a substitute for discovery, courts will generally deny a motion for a more definite statement where the information sought may be obtained in discovery") (internal quotation marks, brackets, and ellipsis omitted).

DISCUSSION

Defendant moves to dismiss the Complaint because, according to Defendant, Plaintiff fails to allege sufficient facts to state a claim.[2] A fair reading of the Complaint suggests that Plaintiff relies on multiple theories in support of his claims. He contends that he has an actual disability, had a record of disability, or was perceived as disabled. Compl. at ¶ 21, 23. He also contends that Defendant discriminated against him because of his actual disability, his record of disability, or his perceived disability. Id. at ¶ 27. He brings a discrimination claim and also relies on a separate theory based on Defendant's alleged failure to accommodate his disability. Id. at ¶¶ 1, 25.[3]

---

[2] Inexplicably, Defendant seeks dismissal with prejudice. Def.'s Motion at 1, 8. Dismissal with prejudice would be inappropriate at this stage where there have been no amendments of the original Complaint and the basis for seeking dismissal is an alleged insufficiency of detail which may be remedied in an amended pleading. Somers v. Apple, Inc., 729 F.3d 953, 960 (9th Cir. 2013) (district court should grant leave to amend when dismissing a case for failure to state a claim if the complaint can be cured by the allegations of other facts)

[3] To the extent Plaintiff's allegation that Defendant failed to engage in an interactive process regarding an accommodation is the basis for an independent ADA claim, the Court notes the law in this District is unsettled with decisions reaching opposite conclusions. Compare Austin v. Wal-Mart Stores, Inc., No. 03:07-cv-01306-HA, 2008 WL 4936480, at *10 (D. Or. Nov. 14, 2008) (finding that the failure to engage in an interactive process is a "stand-alone cause of action" under the ADA and Oregon law); with Ambrose v. J.B. Hunt Transp., Inc., No. 03:12-cv-01740-HU, 2014 WL 585376, at *21 n.10 (D. Or. Feb. 13, 2014) (explaining that plaintiff "erroneously brought an independent cause of action for failure to engage in interactive

To state a prima facie case of employment discrimination under the ADA, as well as under Oregon law, a plaintiff must allege that he is "disabled" as defined by the ADA, that he is a "qualified individual" as defined by the ADA, and that he suffered an adverse employment action on the basis of his disability. Smith v. Clark Cnty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (ADA); Garcia v. Durham & Bates Agencies, Inc., No. 03:14-cv-00220-SI, 2014 WL 3746521, at *3 (D. Or. July 29, 2014) (standards for establishing prima facie case of disability under Oregon law are identical to those used in federal law).

As to the first element, a disability is defined under the ADA as "a physical or mental impairment that substantially limits one or more major life activities . . . a record of such an impairment . . . or . . . being regarded as having such an impairment." 42 U.S.C. §§ 12102(1)(A) - (C). In Garcia, a case relied on by Defendant, Judge Simon recently dismissed an ADA claim for failure to state a claim. There, the plaintiff alleged only that she had a disability and informed her employer about her conditions. Garcia, 2014 WL 3746521, at *3. Notably, Judge Simon stated, the Garcia plaintiff failed to allege that her disability met the ADA definition or what major life activity it substantially limited. Id. Judge Simon also faulted the Garcia plaintiff for failing to provide any information as to the nature of her physical or mental impairment.

Garcia is distinguishable because here, Plaintiff does more than simply allege that he has a disability. Instead, he alleges that he suffers from a serious medical condition which substantially limits him in one or more major life activities including but not limited to walking

---

process"); Dean v. Safeway, No. 03:12-cv-01875-PK, Findings & Rec. at 31 (D. Or. Aug. 7, 2014) (reviewing cases and following those which have refused to find a failure to engage in the interactive process a separate, independent claim), adopted by J. Hernandez (D. Or. Nov. 18, 2014).

7 - OPINION & ORDER

and standing. Compl. at ¶ 13. Plaintiff alleges that he has a medical condition, suggesting that this is a physical as opposed to a mental impairment. And, the very nature of his alleged limitations in walking and standing provide some information as to the nature of the impairment.

Additionally, Plaintiff's allegations regarding a record of disability or a perceived disability are sufficient to state a claim. Plaintiff alleges that beginning in late May 2013, following Memorial Day weekend, he periodically requested time off to treat his disability, notifying Defendant of his need for leave and the reason for the leave. Compl. at ¶ 15. He also contends that in October 2013, he arranged with Defendant for a late arrival to work because of his need for medical treatment. Id. at ¶ 17. These are facts which allow an inference, when construed in a light most favorable to Plaintiff, that Plaintiff had a record of disability and further, that Defendant was aware of his disability. See Jones v. HCA, No. 3:13cv714, 2014 WL 1603739, at *7 (E.D. Va. Apr. 21, 2014) (allegations that plaintiff requested an accommodation and sought leave allowed the court to infer that defendant had notice of plaintiff's condition).

Although the Complaint could contain additional facts regarding Plaintiff's disability, the allegations regarding the "disability" element are more than a label or conclusion and are enough to raise a plausible right to relief above the speculative level. Regardless of whether the claim is one for actual disability, a record of disability, or perceived disability, Plaintiff sufficiently pleads facts to state the disability element of his claims.

Next, the ADA defines "qualified individual" as someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Defendant argues that Plaintiff fails to sufficiently state the "qualified individual" element because he merely recites the definition in a

conclusory fashion. Plaintiff contends that because an employee's ability to perform the essential functions of the job is a factual issue and because he specifically alleges the ability to perform the essential functions of his job either with or without accommodation, he has satisfied his burden of stating this part of the claim beyond a mere conclusory recitation of the elements of the cause of action.

I agree with Plaintiff. Relevant cases suggest that dismissal is appropriate when the plaintiff alleges only that he or she is a "qualified individual" or a "qualified individual with a disability" and fails to allege that the plaintiff could perform the essential functions of the job with or without accommodation. E.g., EEOC v. Supervalu, Inc., 674 F. Supp. 2d 1007, 1011 (N.D. Ill. 2009) (an allegation that the plaintiff was a qualified individual with a disability within the meaning of the ADA was insufficient because the plaintiff failed to assert that the employee was qualified to perform the essential functions of the job with or without reasonable accommodation); Madonia v. S 37 Mgmt., Inc., No. 14 C 628, 2014 WL 4057430, at *1-2 (N.D. Ill. Aug. 14, 2014) (allegation that the plaintiff was disabled and substantially limited in specified major life activities insufficient to state the "qualified individual" element of an ADA claim when the plaintiff failed to allege that she could perform the essential functions of her job with accommodation); see also Garcia, 2014 WL 3746521, at * 3 (complaint was devoid of an allegation that plaintiff was a "qualified individual").

Here, Plaintiff alleges that he was able to perform the essential functions of his position either with or without accommodation. Defendant cites no authority that pleading the alleged essential functions is required. In fact, the relevant authority indicates the opposite. E.g., Blackburn v. Trs. of Guilford Technical Cmty. Coll., 822 F. Supp. 2d 539, 551 (M.D.N.C. 2011)

9 - OPINION & ORDER

(deciding that a plaintiff need not plead the "essential functions" of the job at the motion to dismiss stage).

Third, Defendant argues that Plaintiff failed to adequately allege the element of an adverse employment action. But, Plaintiff contends he was terminated. Compl. at ¶ 19. He also alleges that following each treatment, he returned to work and was moved to a new job site or work crew. Id. at ¶ 16. He specifically alleges that Defendant discriminated against him and terminated his employment due to his disability and his need to miss work for treatment. Id. at ¶ 24. Plaintiff's allegations sufficiently state this element of his claim.

Defendant argues that Plaintiff's failure to accommodate claim must be dismissed because Plaintiff fails to allege that Defendant had knowledge of his disability or that Plaintiff requested an accommodation. Plaintiff's allegations that he communicated his need to miss work for medical treatment in Paragraphs 15 and 17 support an inference that Defendant knew of Plaintiff's disability. Moreover, these same allegations, when construed in a light favorable to Plaintiff, support the additional inference that he requested an accommodation. See Compl. at ¶¶ 15-19. Given that an accommodation request need not be in writing or explicitly use the words "reasonable accommodation," Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1112 (9th Cir. 2000), vacated on other grounds, 535 U.S. 391 (2001), these allegations are sufficient.

Accordingly, Plaintiff's Complaint states claims for disability discrimination and failure to accommodate under the ADA and Oregon law and is not subject to dismissal. Finally, because the Complaint is intelligible and the additional detail sought by Defendant is available through discovery, the alternative motion for a more definite statement is denied.

/ / /

CONCLUSION

Defendant's motion to dismiss [8] or alternatively for a more definite statement, is denied.

IT IS SO ORDERED.

Dated this \_\_1\_\_ day of \_\_Dec\_\_, 2014

_____
Marco A. Hernandez
United States District Judge